1  LARY ALAN RAPPAPORT, SBN 87614
   lrappaport@proskauer.com
2  PROSKAUER ROSE LLP
   2049 Century Park East, Suite 3200
3  Los Angeles, CA  90067-3206
   Telephone:   310-557-2900
4  Facsimile:   310-557-2193

5  KATHARINE H. PARKER, *Admitted Pro Hac Vice*
   kparker@proskauer.com
6  PROSKAUER ROSE LLP
   Eleven Times Square
7  New York, NY  10036-8299
   Telephone:   212-969-3000
8  Facsimile:   212-969-2900

9  BRIDGIT M. DePIETTO, *Admitted Pro Hac Vice*
   bdepietto@proskauer.com
10 PROSKAUER ROSE LLP
   1001 Pennsylvania Avenue, NW, Suite 400 South
11 Washington, DC  20004
   Telephone:   202-416-6800
12 Facsimile:   202-416-6899

13 Attorneys for Defendants
   **TIME INC., ADMINISTRATIVE COMMITTEE OF THE**
14 **TIME WARNER PENSION PLAN, and FMR LLC**

15 **UNITED STATES DISTRICT COURT**

16 **NORTHERN DISTRICT OF CALIFORNIA**

17 **SAN FRANCISCO DIVISION**

18

| | |
|---|---|
| 19  LORINDA REICHERT, | Case No. 3:11-cv-03592-WHA |
| 20           Plaintiff, | **DEFENDANTS TIME INC.'S, ADMINISTRATIVE COMMITTEE OF THE TIME WARNER PENSION PLAN'S, AND FMR LLC'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| 21      v. | |
| 22  TIME INC., ADMINISTRATIVE COMMITTEE OF THE TIME WARNER PENSION PLAN, and FMR LLC, | |
| 23 | |
| 24           Defendants. | Hearing Date: November 17, 2011<br>Time:  8 a.m. |
| 25 | Hon. William Alsup |

26

27

28

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**          NO. 3:11-CV-03592-WHA

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ............................................................................................................................. 1

    A.    Reichert's Claims Against Defendants Are Barred By The General Release She Signed. ................................................................................ 1

    B.    Reichert's Common And State Law Claims Are Preempted By ERISA Because They Implicate The Administration Of An Employee Benefit Plan ............................................................................................ 3

    C.    Reichert's ERISA Fiduciary Breach Claims Fail As A Matter Of Law. ............................................................................................................... 6

    E.    The Court May Consider The Documents Attached To Defendants' Motion Without Converting The Motion To Dismiss Into A Motion For Summary Judgment. .......................................... 10

CONCLUSION ....................................................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*AIU Ins. Co. v. Super. Ct.*,
  51 Cal. 3d 807 (1990) .................................................................................................6

*Austin v. CCC Info. Serv.*,
  225 F. App'x 671 (9th Cir. 2007) ................................................................................2

*Bennett v. CNA Ins. Cos.*,
  No. C–99–03127 EDL, 2001 WL 30533 (N.D. Cal. Jan. 5, 2001) .............................3

*Carl v. Steelworkers W. Indep. Shops Pension Plan*,
  No. 04-1670 SBA, 2004 WL 2237705 (N.D. Cal. Oct. 4, 2004) ................................5

*Carpenters Health & Welfare Trust Fund for California v. McCracken*,
  83 Cal. App. 4th 1365 (Cal. App. 1st Dist. 2000) .......................................................4

*CIGNA Corp. v. Amara*,
  131 S. Ct. 1866 (2011) ................................................................................................8

*Getty v. Getty*,
  187 Cal. App. 3d 1159 (Cal. App. 2d Dist. 1986) ......................................................9

*Graham v. Balcor*,
  241 F.3d 1246 (9th Cir. 2001) ....................................................................................4

*Graham v. Balcor Co.*,
  146 F.3d 1052 (9th Cir. 1998) ................................................................................3, 4

*Great-West Life & Annuity Ins. Co. v. Knudson*,
  534 U.S. 204 (2002) ..................................................................................................10

*Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.*,
  530 U.S. 238 (2000) ....................................................................................................6

*Ingersoll-Rand Co. v. McClendon*,
  498 U.S. 133 (1990) ....................................................................................................6

*Johnson v. PNC Mortg.*,
  No. C-11-2388 EMC, 2011 U.S. Dist. LEXIS 114809 (N.D. Cal. Oct. 5, 2011) .......6

*Kenney v. State Street Corp.*,
  No. 09-10750-DJC, 2011 U.S. Dist. LEXIS 104202 (D. Mass. Sept. 15, 2011) ........8

*Kollman v. Hewitt Assocs.*,
  487 F.3d 139 (3d Cir. 2007) ...............................................................................2, 5, 6

*Leavitt v. Nw. Bell Tel. Co.*,
  921 F.2d 160 (8th Cir.1990) ................................................................................................2

*Mathews v. Chevron*,
  362 F.3d 1172 (9th Cir. 2004) .............................................................................................7

*McClain v. Octagon Plaza, LLC*,
  159 Cal. App. 4th 784 (Cal. App. 2d Dist. 2008) ................................................................6

*Moses v. Nielson Co.*,
  373 F. App'x 765 (9th Cir. 2010) ........................................................................................4

*Pacific Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co., Inc.*,
  69 Cal. 2d 33 (1968) ............................................................................................................6

*Paulsen v. CNF Inc.*,
  559 F.3d 1061 (9th Cir. 2009) .............................................................................................5

*Pearson v. Voith Paper Rolls*, Inc.,
  No. 09-3884, 2011 WL 3773343 (7th Cir. Aug. 25, 2011) .................................................9

*Piehl v. Met. Life Ins. Co.*,
  No. Civ. 03-669-MO, 2005 WL 627586 (D. Or. Mar. 16, 2005) ........................................3

*Providence Health Plan v. McDowell*,
  385 F.3d 1168 (9th Cir. 2004) .............................................................................................4

*Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*,
  11 Cal. App. 4th 1026 (Cal. App. 4th Dist. 1992) ...............................................................6

*Varity Corp. v. Howe*,
  516 U.S. 489 (1996) .............................................................................................................7

*Zipperer v. Raytheon Co.*,
  493 F.3d 50 (1st Cir. 2007) ..................................................................................................5

**STATUTES**

Cal. Civ. Code § 3399 (2011) ......................................................................................................9

I.  **PRELIMINARY STATEMENT**

All of Reichert's arguments against dismissal of her claims fail. She has not cited to a single case that supports any of her claims on the facts pled, and she cannot distinguish the numerous cases cited by Defendants involving nearly identical facts dismissing similar claims. Try as she might, she cannot avoid the release she signed. Moreover, even if she could avoid the release (which she cannot), her claims still fail. Her state and common law claims are preempted by ERISA, and the claims fail in any event as a matter of law. Her ERISA claims are also defective as the provision of pension estimates is not a fiduciary function. Finally, even if it was fiduciary function (which it is not), her fiduciary breach claims still fail because there has been no misrepresentation, no harm, and ERISA does not allow the damages she is seeking.

The reality is that Reichert has and will receive all benefits to which she is entitled under the terms of the applicable ERISA plan documents, nothing more was promised to her, and the windfall she is seeking is not available as a matter of law. Thus, for the reasons discussed below and in Defendants' moving brief, Reichert's Complaint must be dismissed in its entirety.

II.  **ARGUMENT**

   A.   **Reichert's Claims Against Defendants Are Barred By The General Release She Signed.**

Although Reichert labels Count I as a "breach of contract" claim against Time, she makes clear in her Opposition that the claims in her Complaint arise out of the mistaken pension estimates she received between June 2008 and January 2009. (Pl's Opp. at 2-5, 11, 13). The Agreement expressly provides that Reichert is entitled to a pension benefit as determined by "the terms of the Time Warner Pension Plan" (Dkt. #15, Ex. E, Agreement ¶ 5), and Reichert admits that she will receive all of the benefits to which she is entitled "pursuant to the terms of the [] Pension Plan." (Compl. ¶¶ 27, 28). Reichert's "breach of contract" claim is nothing more than a thinly veiled attempt to hold Time to the figures in the pension estimate she received before entering into the Agreement (Compl. ¶¶ 20, 24; Pl's Opp. at 5-6), not to enforce the Agreement (which on its face does not make any promise other than that Reichert will receive pension benefits pursuant to the terms of the Plan). Reichert expressly acknowledged that she was not

1

relying on any statements or promises other than those in the Agreement and disclaimed rights arising from any alleged representations, statements, or promises outside of those in the Agreement. (Dkt. #15, Ex. E, Agreement ¶ 14 & General Release at 1). She also concedes that she entered into the Agreement knowingly and voluntarily, after being advised to consult with legal counsel. (*See id*.) As such, the express terms of the Agreement preclude any claim of reliance on the mistaken pension estimates Reichert obtained herself through the pension estimator and any statements made by Time prior to the date Reichert signed the Agreement. Thus, contrary to what Reichert has alleged, there has been no breach of contract (or breach of the covenant of good faith and fair dealing) and her claims against Time are barred by the release she signed.[1] (Defs' Motion at 9-11; Note 6 *infra*).

Reichert's contention that the release does not bar her claims against the Committee or Fidelity because neither party is specifically referenced as an agent or administrator also fails. (Pl's Opp. at 14-16, 18-19). Courts have recognized that plan administrators, including non-fiduciary record-keepers, are agents of the employer that sponsors the ERISA plans to which the plan administrator provides services. *See, e.g., Kollman v. Hewitt Assocs.*, 487 F.3d 139, 148 (3d Cir. 2007) (describing ERISA plan administrators as "agents of employers" who undertake and perform administrative duties for and on behalf of ERISA plans). Courts have likewise held, contrary to Reichert's suggestion (Pl's Opp. at 14-16, 18-19), that fiduciaries and service providers can be released from ERISA claims. *See, e.g., Leavitt v. Nw. Bell Tel. Co.*, 921 F.2d 160, 161-162 (8th Cir.1990) (fiduciary claim was released by agreement because release "does not relieve a fiduciary of any responsibility, obligation, or duty imposed by ERISA; instead, it merely settles a dispute that the fiduciary did not fulfill its responsibility or duty on a given occasion"). Additionally, courts readily dismiss claims against parties not specifically enumerated in a release when the release bars claims against the employer and the claims arise out of the employee's employment. *See, e.g., Austin v. CCC Info. Serv.*, 225 F. App'x 671, 672 (9th Cir. 2007) (broad

---

[1] For this reason, Reichert must tender back the benefits she received under the Agreement, and Defendants expressly reserve all their rights and defenses including, without limitation, estoppel, offset, accord and/or satisfaction.

general release barred ERISA action against the employee benefit plan even though not expressly named in the release because the plan is an entity created and administered by the former employer); *Piehl v. Met. Life Ins. Co.*, No. Civ. 03-669-MO, 2005 WL 627586, at *2-3 (D. Or. Mar. 16, 2005) (general release barred claims against employee benefit plan and plan administrator even though neither the plan nor the plan administrator were specifically named as releasees, reasoning that claim concerning employee benefit arose out of employee's employment); *Bennett v. CNA Ins. Cos.*, No. C–99–03127 EDL, 2001 WL 30533, at *2, 4 (N.D. Cal. Jan. 5, 2001) (release barred claims against the employee benefit plan and the plan's insurer even though neither the plan nor the plan's insurer were specifically named as releasees).

Reichert's argument that her ERISA claims are not waived because the release does not expressly mention ERISA also is incorrect and she cites no case law for this proposition. (Pl's Opp. at 13-14). Given that the Agreement expressly releases all claims under any federal statute related to any acts and occurrences up to the date she signed it, there can be no dispute that it covers claims for breach of fiduciary duty under the federal ERISA statute stemming from the alleged wrongful actions of Fidelity and the Committee which occurred prior to Reichert signing the Agreement. (Dkt. #15, Ex. E, General Release at 1). That Reichert allegedly did not realize the estimate was mistaken does not assist her in avoiding her release because the Agreement releases known *and unknown* claims. (Defs' Motion at 10-11).

Thus, contrary to Plaintiff's assertions (Pl's Opp. at 13-15, 18-19), the broad release language indisputably waives all of the claims she asserts against Defendants.

**B.  Reichert's Common And State Law Claims Are Preempted By ERISA Because They Implicate The Administration Of An Employee Benefit Plan.**

Assuming *arguendo* that Reichert's common and state law claims are not barred by the general release she signed (which they are), these claims are nevertheless preempted by ERISA. (Defs' Motion at 11-16). In arguing against ERISA preemption of her claims, Reichert's reliance on *Graham v. Balcor Co.*, 146 F.3d 1052 (9th Cir. 1998) is misplaced. (Pls' Opp. at 11-12). *Graham* involved an agreement by the employer to revoke the employee's termination of employment and provide her with coverage under the company's long term disability plan as long

3

as she remained disabled and employed in exchange for the employee agreeing to waive certain legal claims against the company. 146 F.3d at 1054. Several years later, the employer terminated the employee's disability coverage and the employee sued for breach of contract. *Id.* The court held that ERISA did not preempt the employee's state law claims because that contract did not arise out of or implicate the administration of the disability plan. *Graham v. Balcor*, 241 F.3d 1246, 1247 (9th Cir. 2001); *Graham*, 146 F.3d at 1055.

Unlike in *Graham*, Reichert's state and common law claims here are predicated on what the Pension Plan provides and the calculation of benefits under the Pension Plan's benefit formula.[2] They require interpretation and reference to the Pension Plan. They do not concern a breach of a promise outside of the Pension Plan. Indeed, the Agreement unambiguously states that Reichert was "eligible to retire pursuant to the terms of the Time Warner Pension Plan in effect at that time." (Dkt. # 15, Ex. E, Agreement, ¶ 5). Moreover, an estimate is not a promise of anything and the Agreement itself specifies what Reichert will receive in the event the estimate is incorrect: the benefits provided pursuant to the terms of the Pension Plan. There is no dispute that she will receive all of the benefits provided for pursuant to the terms of the Pension Plan. Hence, there is no separate promise, no breach, and the conduct complained of clearly arises out of and implicates the administration of the Pension Plan. (Defs' Motion at 11-15). *See also Moses v. Nielson Co.*, 373 F. App'x 765, 766 (9th Cir. 2010) (holding that "[b]ecause it would be impossible to decide this case without interpreting Plan language, this case relates to an employee benefit plan as required for ERISA preemption."). Reichert's common law claims against Time are therefore preempted.

---

[2] For this same reason the decisions in *Carpenters Health & Welfare Trust Fund for California v. McCracken*, 83 Cal. App. 4th 1365 (Cal. App. 1st Dist. 2000) and *Providence Health Plan v. McDowell*, 385 F.3d 1168 (9th Cir. 2004) are also inapposite. *McCracken,* 83 Cal. App. 4th at 1372-73 (state law breach of contract claim by a fiduciary against plan beneficiaries for breach of an agreement settling an earlier federal court lawsuit not preempted by ERISA because deciding whether the beneficiaries failed to pay and thus breached the contract did not implicate the administration of an employee benefit); *McDowell*, 385 F.3d at 1172 (state law breach of contract claim by insurer against insureds who had agreed to reimburse the insurer for benefits it paid was not preempted by ERISA because the insurer was simply attempting to enforce a contract provision and was not disputing correctness of benefits paid).

4

DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS     NO. 3:11-CV-03592-WHA

1    Reichert's reliance on *Paulsen v. CNF Inc.*, 559 F.3d 1061 (9th Cir. 2009), *cert. denied*,
2 130 S. Ct. 1053 (2010), for her argument that her professional negligence claim against Fidelity is
3 not preempted is similarly misplaced. (Pl's Opp. at 20-22). In *Paulsen*, CNF spun off part of its
4 pension plan to a new company, CFC, as part of a reorganization. 559 F.3d at 1065, 1068. CNF
5 hired Towers Perrin to value the benefit liabilities it owed and CFC hired Towers Perrin to certify
6 that the new plan was adequately funded. *Id*. When CFC subsequently declared bankruptcy and
7 terminated the spin-off pension plan, the participants in the new plan sued Towers Perrin,
8 asserting a claim for professional negligence under state law. *Id*. at 1069-70. The court found that
9 the services Towers Perrins provided were unrelated to the administration of benefits. *Id*. at 1083.
10 Accordingly, the court concluded that the plaintiffs were suing Towers Perrin for negligence
11 arising out of the valuation services it provided to the plan as a commercial entity, not in its
12 function as an ERISA plan. *Id*.

13    In contrast, Reichert's professional negligence claim directly relates to the record-keeping
14 and ministerial services Fidelity provided to the Pension Plan and is therefore preempted. *See*
15 *Kollman*, 487 F.3d at 150 (professional malpractice claim arising out of mistaken pension estimate
16 from online pension calculator preempted because it went "to the essence of the function of an
17 ERISA plan – the calculation and payment of the benefit due to a plan participant" and "to
18 determine whether [the calculation] error constituted malpractice, [the] court would necessarily
19 need to consult the Plan") (alteration in original); *Zipperer v. Raytheon Co.*, 493 F.3d 50, 51-54
20 (1st Cir. 2007) (common law claim preempted because it would create competing concerns for
21 plan administrator and interfere with ERISA's enforcement scheme); *Carl v. Steelworkers W.*
22 *Indep. Shops Pension Plan*, No. C 04-1670 SBA, 2004 WL 2237705, at *1-2, 5-6 (N.D. Cal. Oct.
23 4, 2004) (negligence claim preempted because, among other reasons, it "address[ed] the
24 administration of plan benefits" and interfered with ERISA's comprehensive remedial scheme).
25 In each of these cases, the court dismissed the plaintiff's professional negligence claim on the
26 ground that it was preempted by ERISA. (Defs' Motion at 15).

27    Here, Fidelity performed recordkeeping and other ministerial services for and on behalf of
28 the Pension Plan, which included providing a website for plan participants to estimate their

5

retirement benefits. (Compl. ¶ 15). Any evaluation of its conduct necessarily requires looking at its duties in this role and reference to the Pension Plan. Regardless of whether its duties are deemed to be fiduciary or non-fiduciary in nature,[3] to subject Fidelity in its role as a directed record-keeper to an ERISA plan "to the differing state court interpretations of the tort of professional malpractice would create obstacles to the uniformity of plan administration that was and is one of ERISA's goals." *Kollman*, 487 F.3d at 148 (professional malpractice claim preempted because otherwise it would be contrary to ERISA's comprehensive remedial scheme). When applying this well-established precedent against the allegations in the Complaint, it is clear that *Paulsen* does not apply, and that the state law negligence claim against Fidelity is preempted by ERISA.[4]

### C. Reichert's ERISA Fiduciary Breach Claims Fail As A Matter of Law.

Similarly, even assuming Reichert could somehow avoid the release she signed (which she cannot), her ERISA claims fail because (i) the conduct complained of does not concern a fiduciary

---

[3] Contrary to what Reichert suggests (Pl's Opp. at 19, 21), fiduciary conduct is not required to find preemption. ERISA contains a comprehensive remedial scheme that spells out the types of action that can be brought against fiduciary and non-fiduciary administrators and service providers and the type of relief that can be obtained from them. *See Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142 (1990). *See also Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 246 (2000) (recognizing that claims under Section 502(a)(3) may be brought against non-fiduciaries).

[4] Even if not barred by the release or preempted (which they are), Reichert's state and common law claims are legally unsustainable in any event based on the plain language of the Agreement because she is receiving all she is entitled to under the Agreement. (Dkt. #15, Ex. E, Agreement, ¶ 5). For this reason, the cases cited on page 13 of Plaintiff's Opposition are not relevant. *See also AIU Ins. Co. v. Super. Ct.*, 51 Cal. 3d 807, 822 (1990) (intent of the parties to a contract "is to be inferred, if possible, solely from the written provisions of the contract"); *Pacific Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co., Inc.*, 69 Cal. 2d 33, 39 (1968) ("[E]xtrinsic evidence is not admissible to add to, detract from, or vary the terms of a written contract" that is unambiguous). Her claim for the breach of the covenant of good faith and fair dealing also fails because such a claim cannot be premised on pre-contract conduct. *See McClain v. Octagon Plaza, LLC*, 159 Cal. App. 4th 784 (Cal. App. 2d Dist. 2008) (*citing Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1031-32 (Cal. App. 4th Dist. 1992)). Reichert's professional negligence claim fails because she has suffered no harm (*see* Point C *infra*), an element of a professional negligence claim. *See Johnson v. PNC Mortg.*, No. C-11-2388 EMC, 2011 U.S. Dist. LEXIS 114809, at *8 (N.D. Cal. Oct. 5, 2011).

function and is not subject to a breach of fiduciary duty claim; (ii) there has been no misrepresentation; (iii) there has been no harm; and (iv) ERISA does not allow the relief Reichert seeks on the facts pled in the Complaint.

*First*, the law is quite clear that the calculation of benefits is a ministerial function and a person who performs purely ministerial functions is not a fiduciary. (Defs' Motion at 17-18 (collecting cases holding that providing participant with an estimate of her future pension benefits was not a fiduciary task). In her Opposition, Reichert fails to cite to a single case that holds to the contrary. Reichert also fails to distinguish the numerous cases cited by Defendants rejecting claims nearly identical to Reichert's based on erroneous pension estimates on the grounds that providing pension estimates is simply not subject to a fiduciary claim. (*See id.*).[5]

*Second*, there has been no misrepresentation alleged that could form the basis of a fiduciary breach claim. As discussed above, Plaintiff's only allegation is that a mistake in calculating a pension estimate occurred. (Compl. ¶¶ 26, 28). Both Reichert and Time contemplated that whatever ultimate pension benefits Reichert would get would be *pursuant to the terms of the Plan*. (Dkt. # 15, Ex. E, Agreement, ¶ 5).

Reichert relies on a line of cases that involve active misrepresentations or omissions about future plan amendments and plan terms that caused participants to make decisions affecting their benefit, losing benefits they otherwise might have received under the terms of the plans. (Pl's Opp. at 16-17, 21). In all of them, an employee elected to resign or retire from employment based on the misrepresentation or omission, or made an election under a plan, and lost benefits he or she would have received if he had not resigned or retired or made the election. By contrast, here Reichert's employment was involuntarily terminated, she made no choice about her employment and no elections under the Pension Plan, and she *admittedly* lost no benefits she otherwise would have been entitled to under any benefit plan terms. Indeed, there is no dispute that she will receive

---

[5] *Varity Corp. v. Howe*, 516 U.S. 489, 492, 498 (1996) (noting that factual context key to determining whether entity was acting as an ERISA fiduciary); *Mathews v. Chevron*, 362 F.3d 1172, 1178 (9th Cir. 2004) (finding fiduciary status where company "conveying information about the likely future of plan benefits, thereby permitting beneficiaries to make an informed choice about continued participation" in the plan).

7
**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS** NO. 3:11-CV-03592-WHA

everything she is entitled to under the terms of the Pension Plan. Thus, there was no fiduciary communication or misrepresentation. (Defs' Motion at 17-19).

*Third*, Reichert does not assert harm and the facts pled in the Complaint preclude any such finding. Contrary to what Reichert argues (Pl's Opp. at 17), where, as here, the plaintiff is asserting fiduciary breach based on a negligent misrepresentation, the law in this Circuit requires a showing of *detrimental* reliance. Reichert relies on the recent Supreme Court decision in *CIGNA Corp. v. Amara*, 131 S. Ct. 1866, 1881 (2011), for the proposition that she is not required to show detrimental reliance. (Pl's Opp. at 17). However, neither the Court's holding nor *dicta* in *Amara* excuses Reichert's obligation to show detrimental reliance in a claim for breach of fiduciary duty based on an alleged negligent misrepresentation.

In *Amara*, the sole issue before the Court was whether Section 502(a)(1)(B) of ERISA authorized the district court, upon finding a *statutory* violation of ERISA, to reform the plan document to match the misrepresentations and omissions found in ERISA-required documents furnished to the plan participants (which the Court answered in the negative). 131 S. Ct. at 1871. The *dicta* on which Reichert relies (regarding the type of equitable relief generally available under Section 502(a)(3)) did not alter the elements of a fiduciary breach claim. Reichert must first plead a plausible claim for breach of fiduciary duty before the Court can decide her entitlement to *any* relief, equitable or otherwise.

Plaintiff's incorrect reading of *Amara* was recently rejected by the district court in *Kenney v. State Street Corp.*, No. 09-10750-DJC, 2011 U.S. Dist. LEXIS 104202 (D. Mass. Sept. 15, 2011). In that case, the court affirmed the recommendation of the Magistrate Judge denying plaintiff's motion to amend the complaint to add claims for negligent misrepresentation and material nondisclosure because the plaintiff failed to allege detrimental reliance. *Kenney*, 2011 U.S. Dist. LEXIS 104202, at *3-4. The court held "[t]here is nothing about th[e *Amara*] opinion that suggests that a plaintiff's burden is lessened in regard to claims for negligent

8

DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS　　　NO. 3:11-CV-03592-WHA

1 misrepresentation or omission nor that, having failed to allege detrimental reliance, he may still be
2 entitled to equitable relief for such claims under ERISA § 502(a)(3)." *Id.* at *23.[6]

3       Here, Reichert's own admissions clearly demonstrate that there has been no harm or
4 detriment because Reichert has received and will receive all benefits to which she is entitled under
5 the terms of the plan and she did not take any action that reduced what otherwise could have been
6 her entitlement under the applicable Plans. (Defs' Motion at 17-23; Compl. ¶¶ 27, 28; *see also*
7 note 5 *infra*). Reichert's failure, and inability, to plead harm is fatal to her claim of fiduciary
8 breach.

9       *Fourth*, Reichert's fiduciary breach claim fails because ERISA does not allow any of the
10 remedies she is seeking. The remedy of surcharge requires harm. (Pl's Opp. at 17 (*citing Amara*,
11 131 S. Ct. at 1881). As discussed above, Reichert does not, and cannot, show harm because she is
12 receiving her full entitlement to benefits under the Pension Plans.[7] (Defs' Motion at 22). She is
13 also not entitled to surcharge because she has not yet received her full benefit under the Pension
14 Plan. *See Amara,* 131 S. Ct at 1880 (surcharge as a potential remedy only for retirees who already
15 received their benefits); *cf. Id*. at 1879 (explaining that reformation relief is limited to participants
16 who have not yet taken their benefits). Reichert also is not entitled to the remedy of reformation,
17 which is only available if a "written contract does not truly express the intention of the parties."
18 Cal. Civ. Code § 3399 (2011). *See also Getty v. Getty*, 187 Cal. App. 3d 1159, 1178 (Cal. App. 2d
19 Dist. 1986). As stated in the Agreement she signed, Reichert's benefit is determined by the
20 Pension Plan's terms.[8] (Dkt. #15, Ex. E, Agreement, ¶ 5).

---

[6] Contrary to Reichert's assertion (Pl's Opp. at 17), the relevance of the Seventh Circuit's decision in *Pearson v. Voith Paper Rolls*, Inc., No. 09-3884, 2011 WL 3773343 (7th Cir. Aug. 25, 2011) to the instant action does not turn on the fact that the claim in *Pearson* was brought as an equitable estoppel claim, but on the court's analysis of what constitutes detrimental reliance in claim by a participant alleging that he relied on an erroneous pension estimate in entering into a severance agreement with his employer.

[7] She also does not, and cannot, dispute that she has received the maximum amount of severance available under Time's Severance Policy. (Defs' Motion at 4, 7, 9, 20; Dkt. #15, Ex. D & E). Nor does she dispute the policy's authenticity.

[8] Indeed, Reichert admits this by conceding she knew the estimate was only an estimate. (Compl. ¶¶ 25, 28). This is also demonstrated by the fact that Time refused to include a statement in the Agreement guaranteeing that Reichert's Pension Plan benefits "[would] not be materially

Finally, Reichert is not entitled to an award of "equitable" monetary relief because such relief is not available for the provision of a mistaken estimate. Reichert fails to distinguish *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210, 213 (2002), which controls here and precludes the monetary relief Reichert seeks. (*See* Defs' Motion at 22-23).

In sum, governing law, as well as Reichert's own admissions, together with the plain language of the Agreement and Pension Plan, demonstrate that her ERISA claims fail as a matter of law.

### D. The Court May Consider The Documents Attached To Defendants' Motion Without Converting The Motion To Dismiss Into A Motion For Summary Judgment.

In her Opposition, Reichert contends that this Court cannot consider certain documents attached to Defendants' Motion without converting the motion into a motion for summary judgment. (Pl's Opp. at 8-9). Yet, she concedes documents not physically attached to a complaint may nonetheless be considered by the Court on a Rule 12(b)(6) motion to dismiss if the complaint refers to the document or the document is central to the plaintiff's claim, and the authenticity of the document is not questioned. (Pl's Opp. at 8). Throughout her Complaint, Reichert refers to the Agreement, which describes the terms of her severance benefits under Time's Severance Plan (Compl. ¶¶ 18, 23, 30, 35; Pl's Opp. at 5; Defs' Motion at 3-4), as well as the various written estimates she received prior to signing the Agreement. (Compl. ¶¶ 19, 22, 26, 28). Thus, the Agreement, Severance and Pension Plans, and estimates are indisputably central to her Complaint. Reichert does not contest the authenticity of these documents. (Pl's Opp. at 9).

Reichert takes issue principally with Defendants' reference to her job description and the Severance Plan, though she does contest their authenticity. (Pl's Opp. at 8, 9). The Court can dismiss the Complaint with prejudice pursuant to Rule 12 without reference to these documents in any event because they are not necessary for concluding that Reichert's claims are barred by the release, that the state and common law claims are preempted by ERISA, or that there is no viable claim for fiduciary breach as a matter of law.

---

different" from a pension estimate obtained through the Fidelity online pension estimator. (Compl. ¶ 24; Dkt. #15, Ex. E, Agreement, ¶ 5).

## III. CONCLUSION

Based on the foregoing reasons, as well as those set forth in Defendants' Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss, Reichert's Complaint should be dismissed in its entirety with prejudice for failure to state a claim.

DATED: October 25, 2011

/s/ *Katharine H. Parker*
Katharine H. Parker

Attorneys for Defendants
Time Inc., Administrative Committee of the Time Warner Pension Plan, and FMR LLC

# CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all attorneys of record.

DATED: October 25, 2011

                                                */s/ Katharine H. Parker*
                                                Katharine H. Parker

                                                Attorneys for Defendants
                                                Time Inc., Administrative Committee of the
                                                Time Warner Pension Plan, and FMR LLC