Margaret E. Hasselman – CA State Bar No. 228529
Kirsten G. Scott – CA State Bar No. 253464
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
476 9th Street
Oakland, CA 94607
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
Email:      mhasselman@lewisfeinberg.com
Email: kscott@lewisfeinberg.com
*Attorneys for Plaintiff*

Christopher G. Caldwell – CA State Bar No. 106790
CALDWELL LESLIE & PROCTOR, PC
1000 Wilshire Blvd., Suite 600
Los Angeles, CA 90017-2463
Telephone:(213).629.9040
Facsimile: (213).629.9022
caldwell@caldwell-leslie.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORINDA REICHERT,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>TIME INC., ADMINISTRATIVE COMMITTEE OF THE TIME WARNER PENSION PLAN, and FMR LLC,<br><br>　　　　Defendants. | Case No. 3:11-cv-03592-WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>CMC Date:　November 17, 2011<br>Time:　　　3:00 pm<br>Courtroom:　Courtroom 8, 19th Floor<br>Judge:　　　Hon. William H. Alsup |

The parties jointly submit this Case Management Statement pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement.

**DESCRIPTION OF THE CASE**

1. **Jurisdiction and Service**

In this case, Plaintiff brought claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"), contract claims under California state law, and a professional negligence claim under California state law. On November 3, 2011, the Court granted Defendants' motion to dismiss in part, dismissing Plaintiff's state law claims, and denied the motion in part, allowing Plaintiff to proceed with her claims alleging breaches of fiduciary duty under ERISA against FMR LLC ("Fidelity") and the Administrative Committee of the Time Warner Pension Plan ("Administrative Committee"). This Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f).

All parties in this case have been served.

2. **Facts**

a. **Facts As Alleged by Plaintiff**

Plaintiff worked at Sunset Publishing Corporation, a subsidiary of Time Inc. ("Time"), for over forty years. In 2009 her position was eliminated and her employment was terminated. She negotiated a severance agreement with Time, which the parties executed in February 2009 ("Severance Agreement").

Suspecting that she might be laid off, and concerned about retiring earlier than planned, Ms. Reichert looked closely at her finances, including her projected

pension benefits under the Time Warner Pension Plan ("Pension Plan") and the Time Warner Excess Benefit Pension Plan ("Excess Benefit Pension Plan") (collectively the "Pension Plans"). She received at least ten pension statements from Defendants Time and FMR LLC ("Fidelity"), which provided administrative services related to the Pension Plans. The statements consistently indicated that Ms. Reichert was entitled to approximately $1.7 million in pension benefits.

It was extremely important to Ms. Reichert that she understood where she stood financially before negotiating her Severance Agreement with Time. For this reason, she requested written confirmation of her pension benefits, and then negotiated to attach a pension statement to the Severance Agreement. Nevertheless, in July 2009, after being told otherwise for more than a year, Ms. Reichert was informed that her pension benefits had been overstated – by more than sixty percent.

Fidelity and the Administrative Committee are fiduciaries of the Pension Plan. Plaintiff alleges that these defendants have breached their fiduciary duties owed to Ms. Reichert under ERISA by failing to ensure that Ms. Reichert received accurate information regarding her benefits.

### b. Fact As Alleged By Defendants

Plaintiff was employed by Sunset Publishing Corporation ("Sunset") for forty years, the last nineteen of which were spent at Time Inc. ("Time") after Sunset was acquired by Time in 1990. For the nine years prior to her termination in February 2009, Plaintiff's position was Vice President of Administration and Manufacturing, where she had responsibility for administration of employee benefits.

Starting in 1999, Plaintiff became a participant in the Time Warner Pension Plan ("Pension Plan"), and her prior pension benefits at Sunset were separately preserved. Over the course of the next ten years, she was provided with numerous personalized reward statements that accurately summarized her benefits. In May 2008, Ms. Reichert received a personal pension estimate projecting that her

aggregate benefits under the Pension Plan and Excess Benefit Pension Plan, if taken in a lump sum at age 65, would be $717,000.

The packet Plaintiff received in May 2008 also explained that an online pension calculator would be made available in June 2008. That online calculator warned participants that its estimates might not be accurate and that actual benefits could not be determined and verified until time of retirement or termination and that, if the estimate differed from Pension Plan terms, the terms of the Plan would govern. When plaintiff used the online calculator in June – just one month after receiving her May estimate – the online estimate projected that her aggregate benefits were approximately double that of the May estimate (and the historical estimates). This overstatement of benefits was caused by a data entry error in the newly implemented online calculator: all of her prior years of service at Sunset were being included in the calculation of "years of service," rather than just her 10 years of service as a participant in the Time Warner plan in 1999.

As a result of her position, in at least as early as July 2008, Plaintiff learned of a similar error in the online calculation of benefits for another Sunset employee, and she knew the Company was investigating that error. Plaintiff knew that the online estimate of her benefits was grossly inaccurate, but unlike this other Sunset employee (who raised the error with Plaintiff's subordinate), Plaintiff did not bring it to the attention of anyone at Time.

Plaintiff's employment was involuntarily terminated due to position elimination in early 2009. She was offered severance benefits and she ultimately received the maximum amount of severance that she could possibly receive under severance plan strictures. In other words, regardless of whether she knew that her actual pension benefits were going to be lower than those set forth in the erroneous estimate, she could not have negotiated any more favorable severance terms than what she actually received. Accordingly, Plaintiff was not harmed in any manner by her claimed reliance on the inaccurate pension estimate.

3. **Identification of Issues in Dispute**
   a. **Disputed Legal Issues**
      1. Whether the Administrative Committee and/or Fidelity breached their ERISA fiduciary duties, if any, in the provision of statements containing inaccurate pension estimates to Ms. Reichert.
      2. If any Defendant is found liable, to what relief is Ms. Reichert entitled, if any.
   b. **Disputed Factual Issues**
      i. **Plaintiff's Disputed Factual Issues**
         1. Whether Ms. Reichert's job duties included human resources responsibilities related to pension benefits such that she knew or should have known that the pension statements from Time and/or Fidelity were inaccurate.
         2. Whether Time had reason to suspect that a major error had occurred in the calculation of Ms. Reichert's pension benefits prior to execution of the severance agreement.
      ii. **Defendants' Disputed Factual Issues**
         1. Whether Reichert reasonably and detrimentally relied on the incorrect pension estimates.
         2. Whether Reichert was harmed by the incorrect pension estimates and, if so, how was she harmed.

## 4. Motions

The only pre-trial motions the parties contemplate at this time are cross-motions for summary judgment. The parties propose cross-motions for summary judgment with a briefing schedule set forth below.

## 5. Amendment of Pleadings

Following the Court's November 3, 2011 ruling on Defendants' motion to dismiss, Defendants will file an answer on November 17, 2011.

Also pursuant to the Court's November 3, 2011 ruling, Plaintiff expects that she will amend the complaint after conducting discovery, on or before March 8, 2012, as permitted by the Court's order.

Defendants will file a responsive pleading to the Amended Complaint under the deadlines established by the Federal Rules of Civil Procedure.

## 6. Evidence Preservation

The parties confirm that counsel have communicated to clients the requirement that all evidence that may be relevant to this litigation be preserved.

## 7. Disclosures

The parties served initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), on October 26, 2011.

## 8. Discovery

The parties filed a proposed Stipulated Protective Order on October 6, 2011. Docket No. 20. The Court issued an Order Approving Stipulated Protective Order Subject to Stated Conditions that same day. Docket No. 21.

Other than serving initial disclosures, the parties have not yet engaged in discovery. The parties request no modification of the limitations on discovery set forth in the Federal Rules of Civil Procedure.

The Parties contemplate written discovery and depositions relating to the factual issues identified in Section 3(B) above, and any other relevant subject matter.

9.  **Class Action**

    Not applicable.

10. **Related Cases**

    None.

11. **Relief**

    Plaintiff seeks equitable relief in the form of surcharge and/or reformation to allow her to recover the difference between the amount of pension benefits under the Pension Plan reflected in the numerous pension statements Plaintiff received between June 2008 and February 2009, on the one hand, and the amount to which Defendants contend Plaintiff is entitled, on the other hand, plus pre- and post-judgment interest in an amount to be determined, to make her whole for the breaches of fiduciary duty by Defendants.

    Defendants dispute that Plaintiff is entitled to any relief because she is receiving her full benefits under the terms of the Pension Plan and has not lost any pension benefits under the Pension Plan. Defendants contend that neither surcharge nor reformation are permissible remedies and that no relief is proper.

12. **Settlement and ADR**

    The parties are agreeable to a court-sponsored mediation through the court's Alternative Dispute Resolution office. The parties had two telephone calls with the ADR office. As discussed with the ADR office during the calls, the parties will agree to a list of five potential mediators and provide a list to the ADR office ranking their preference of mediators. The parties intend to mediate as soon as practicable. The parties request a deadline to complete ADR of 90 days after Defendants file an answer.

13. **Consent to Magistrate Judge For All Purposes**

    Defendants declined to proceed before a U.S. Magistrate Judge.

CALDWELL
LESLIE &
PROCTOR

6

## 14. Other References

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 15. Narrowing of Issues

The parties do not see a means to narrow the issues other than through the above-described anticipated cross-motions for summary judgment.

## 16. Expedited Trial Procedure

Please see the proposed schedule in item No. 17.

## 17. Scheduling

The parties propose the following dates:

| Date | Event |
|---|---|
| 3/8/2012: | Deadline for Plaintiff to amend complaint (per Court's Nov. 3, 2011 Order) |
| 4/9/2012: | Deadline for Defendants to file a responsive pleading if Plaintiff amends complaint |
| 6/8/2012: | Discovery cut-off |
| 7/13/2012: | Deadline for filing motions for summary judgment |
| 8/2/2012: | Deadline for filing opposition briefs to summary judgment |
| 8/16/2012: | Deadline for filing reply briefs |
| 8/23/2012: | Pre-trial conference, if necessary |
| 9/17/2012: | Trial, if necessary |

## 18. Trial

If a trial is necessary, the parties anticipate a three-day bench trial.

## 19. Disclosure of Non-Party Interested Entities of Persons

The parties have complied.

## 20. Other Matters

None at this time.

| | | |
|---|---|---|
| DATED: November 10, 2011 | | LEWIS, FEINBERG, LEE, RENAKER & JACKSON P.C. |

By     */s/ Kirsten G. Scott*
          Kirsten G. Scott
          Attorneys for Plaintiff

DATED: November 10, 2011          CALDWELL LESLIE & PROCTOR, PC
                                  CHRISTOPHER G. CALDWELL


By */s/ Christoper G. Caldwell*
     CHRISTOPHER G. CALDWELL
Attorneys for Defendants