1  Katherine H. Parker, *Admitted Pro Hac Vice*
   PROSKAUER ROSE LLP
2  Eleven Times Square
   New York, NY 10036-8299
3  Telephone: (212) 969-3000
   Facscimile: (212) 969-2900
4  kparker@proskauer.com

5  Christopher G. Caldwell, State Bar No. 106790
   CALDWELL LESLIE & PROCTOR, PC
6  1000 Wilshire Blvd., Suite 600
   Los Angeles, CA 90017-2463
7  Telephone:(213).629.9040
   Facsimile: (213).629.9022
8  caldwell@caldwell-leslie.com

9

10 Attorneys for Defendants
   **TIME INC., ADMINISTRATIVE COMMITTEE**
   **OF THE TIME WARNER PENSION PLAN, and**
11 **FIDELITY WORKPLACE SERVICES LLC**
   **(erroneously sued as FMR LLC)**

12

13               UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15

16 LORINDA REICHERT,                    Case No. C 11-03592 WHA

17              Plaintiff,
                                        **DEFENDANTS' ANSWER TO**
18       vs.                            **COMPLAINT**

19 TIME INC., ADMINISTRATIVE
   COMMITTEE OF THE TIME WARNER
20 PENSION PLAN, and FMR LLC,

21              Defendants.

22

23

24

25

26

27

28

Defendants Administrative Committee of The Time Warner Pension Plan (the "Administrative Committee") and Fidelity Workplace Services LLC, erroneously sued as FMR LLC ("Fidelity") (collectively, "Defendants"),[1] by their attorneys, answer the Plaintiff's Complaint for Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, Violations of 29 U.S.C. § 1001 *et seq.* ("ERISA"), and Violation of the Law of Professional Negligence of California (the "Complaint") herein as follows:

## JURISDICTION AND VENUE

1.      Defendants admit that Plaintiff asserts this Court's jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and the specific jurisdictional statute for claims brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), ERISA § 502(e) and (f), 29 U.S.C. § 1132 (e) and (f), and otherwise deny the allegations contained in Paragraph 1 of the Complaint.  The Court dismissed all state claims by Order dated November 3, 2011, so no supplemental jurisdiction exists to any remaining claims.

2.      Defendants admit that Plaintiff asserts venue in this District pursuant to ERISA § 502(e)(2),  29 U.S.C. § 1132(e)(2), and otherwise deny the allegations contained in Paragraph 2 of the Complaint.

3.      Defendants decline to plead to the extent the allegations in Paragraph 3 of the Complaint are legal conclusions and/or procedural requests that do not require a response and otherwise deny the allegations contained in Paragraph 3 of the Complaint.

## PARTIES

4.      Defendants decline to plead to the extent the allegations in Paragraph 4 of the Complaint are legal conclusions that do not require a response; lack knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is a resident of Palo Alto,

---

[1] By order of the Court dated November 3, 2011, Plaintiffs' First and Second Causes of Action against Time Inc. were dismissed, leaving no causes of action against Time Inc.  Although the Court has ordered that Time Inc. remain a party to this action solely for purposes of discovery, as there are no causes of actions asserted against Time Inc., no response is required.  Time Inc. denies that it was or is a fiduciary with respect to the Time Warner Inc. Pension Plan ("Pension Plan") and the Time Warner Inc. Excess Benefit Pension Plan ("Excess Plan"), and denies that it breached any fiduciary duty or committed any wrong whatsoever with respect to Plaintiff Lorinda Reichert.  To the extent any allegations implicate Time Inc., those allegations are denied.

California and therefore deny it; and otherwise admit the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants admit the Time Inc. is the largest magazine media company in the United States, with its headquarters located in New York, New York, and is an indirect wholly-owned subsidiary of Time Warner Inc.  Defendants otherwise deny the allegations contained in Paragraph 5 of the Complaint.

6.      Defendants admit that a Time Warner entity acquired Sunset Magazine & Books in 1990, that Sunset is an indirect wholly-owned subsidiary of Time Inc. and that Sunset is located in Menlo Park, California.  Defendants otherwise deny the allegations contained in Paragraph 6 of the Complaint.

7.      Defendants admit the allegations contained in Paragraph 7 of the Complaint except deny that benefits under the Sunset Plan were "frozen."

8.      Defendants decline to plead to the extent the allegations in Paragraph 8 of the Complaint are legal conclusions that do not require a response and otherwise deny the allegations contained in Paragraph 8 of the Complaint.

9.      Defendants decline to plead to the extent the allegations in Paragraph 9 of the Complaint are legal conclusions that do not require a response.  Defendants admit that the members of the Administrative Committee were appointed by the Time Warner, Inc. Board of Directors.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation that Plaintiff does not know the names of the Administrative Committee's members and therefore deny it.  Defendants deny the remaining allegations in Paragraph 9 of the Complaint.

10.     Defendants decline to plead to the extent the allegations in Paragraph 10 of the Complaint are legal conclusions that do not require a response.  Defendants admit that FMR LLC is a privately held company headquartered in Boston, Massachusetts, but deny that FMR LLC is the proper party to this lawsuit, as FMR LLC does not currently or historically provide any services to the parties.  The proper defendant is Fidelity Workplace Services LLC, which is also a

privately held company headquartered in Boston, Massachusetts.  Defendants deny the remaining

allegations in Paragraph 10 of the Complaint.

**FACTUAL ALLEGATIONS**

11.     Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12.     Defendants admit that Plaintiff was laid off from Sunset Publishing Corporation

("Sunset") in 2009, that positions at Sunset were eliminated at different times between 2000 and

2009, that there were reductions in staffing at certain Time Warner Inc. subsidiaries between 2000

and 2009.  Defendants otherwise deny the allegations contained in Paragraph 12 of the Complaint.

13.     Defendants admit that Plaintiff Reichert was informed in early December 2008 that

her position would soon be eliminated, and otherwise lack knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and

therefore deny them.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 14 of the Complaint and therefore deny them.

15.     Defendants deny the allegations contained in Paragraph 15 of the Complaint,

except admit that in or around June 2008 Fidelity began offering participants of the Pension Plan

access to pension benefit estimate information via the Internet.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations that between June and December 2008 Plaintiff used the on-line pension

estimation tool on at least six occasions and therefore deny them.  Defendants state that the

estimates from the pension estimation tool are documents that speak for themselves and otherwise

deny any remaining allegations in Paragraph 16 of the Complaint.

17.     Defendants admit that Plaintiff and her husband received a letter dated September

30, 2008 from a Fidelity affiliate.  Defendants state that the September 30, 2008 letter is a

document that speaks for itself and otherwise deny any remaining allegations contained in

Paragraph 17 of the Complaint.

18.     Defendants admit that, in or around early December 2008, Plaintiff discussed her

impending termination with Peter Vincent, Vice President Human Resources at Time Inc. and

Barb Newton, President of Sunset, and severance available under the Severance Plan for Regular Employees.  Defendants otherwise deny all of the remaining allegations contained in Paragraph 18 of the Complaint.

19.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that (i) Plaintiff purportedly wanted confirmation of her projected benefits because it was purportedly critical that she know her financial situation before engaging in negotiations about her severance agreement and (ii) Plaintiff's state of mind, and therefore deny them.  Defendants otherwise deny the remaining allegations contained in Paragraph 19 of the Complaint.

20.   Defendants admit that, at Plaintiff's request, Anthony Renella, an employee of Time Inc. at that time, utilized the online pension estimation tool to generate a pension estimate for Plaintiff.  Defendants state that the estimate Plaintiff received from Anthony Renella is a document that speaks for itself and otherwise deny any remaining allegations contained in Paragraph 20 of the Complaint.

21.   Defendants admit that Plaintiff Reichert had verbal and email communications with Mr. Vincent, and otherwise deny the allegations contained in Paragraph 21 of the Complaint.

22.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.   Defendants admit that Plaintiff and Mr. Vincent (on behalf of Time Inc.) signed a severance agreement dated February 11, 2009.  Defendants state that the severance agreement is a document that speaks for itself and otherwise deny the allegations in Paragraph 23 of the Complaint.

24.   Defendants state that the severance agreement is a document that speaks for itself and otherwise deny the allegations in Paragraph 24 of the Complaint.

25.   Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.   Defendants admit that the Time Warner Inc. Benefit Services Center at Fidelity mailed Plaintiff a letter dated July 13, 2009.  Defendants state that the July 13, 2009 letter is a

document that speaks for itself and otherwise deny the allegations in Paragraph 26 of the Complaint.

27.     Defendants lack knowledge and information as to the allegations concerning Plaintiff's state of mind and therefore deny them.  Defendants admit that Plaintiff contacted Mr. Vincent and Mr. Renella regarding the July 13, 2009 letter and admit that Plaintiff participated in a phone call in August 2009 with Ira Altman, Director Benefits for Time Warner Inc., Peter Vincent, and Peter Palma, Executive Director Benefits for Time Inc., regarding the July 13, 2009 letter.  Defendants deny the remaining allegations contained in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**Breach of Contract**
**(Against Defendant Time)**

29.     Defendants incorporate by reference each and every response to the allegations in the Compliant contained in the preceding paragraphs of the Answer, with the same force and effect as if fully set forth herein.

30.     Defendants decline to plead to the allegations contained in Paragraphs 30-33 of the Complaint because the First Claim for Relief is not asserted against them and because the Court dismissed the First Claim for Relief, so no response is required.

**SECOND CLAIM FOR RELIEF**
**Breach of Covenant of Good Faith and Fair Dealing**
**(Against Defendant Time)**

31.     Defendants incorporate by reference each and every response to the allegations in the Complaint contained in the preceding paragraphs of the Answer, with the same force and effect as if fully set forth herein.

32.     Defendants decline to plead to the allegations contained in Paragraphs 35-40 of the Complaint because the Second Claim for Relief is not asserted against them and because the Court dismissed the Second Claim for Relief, so no response is required.

### THIRD CLAIM FOR RELIEF
**Breach of Fiduciary Duty, ERISA §§ 404(a)(1), 405(a), 502(a)(3)**
**29 U.S.C. §§ 1104(a)(1), 1105(a), 1132(a)(3)**
**(Against Defendant Fidelity)[2]**

33.     Defendants incorporate by reference each and every response to the allegations in the Complaint contained in the preceding paragraphs of the Answer, with the same force and effect as if fully set forth herein.

34.     Defendants decline to plead to the extent the allegations in Paragraph 42 of the Complaint are legal conclusions to which no response is required, and otherwise deny all of the allegations contained in Paragraph 42 of the Complaint.

35.     Defendants decline to plead to the extent the allegations in Paragraph 43 of the Complaint are legal conclusions to which no response is required, and otherwise deny all of the allegations contained in Paragraph 43 of the Complaint.

36.     Defendants decline to plead to the extent the allegations in Paragraph 44 of the Complaint are legal conclusions to which no response is required, and otherwise deny all of the allegations contained in Paragraph 44 of the Complaint.

37.     Defendants decline to plead to the extent the allegations in Paragraph 45 of the Complaint are legal conclusions to which no response is required, and otherwise deny all of the allegations contained in Paragraph 45 of the Complaint.

38.     Defendants to the extent the allegations in Paragraph 45 of the Complaint are legal conclusions to which no response is required, and otherwise deny all of the allegations contained in deny the allegations contained in Paragraph 46 of the Complaint.

39.     Defendants deny the allegations contained in Paragraph 47 of the Complaint.

40.     Defendants deny the allegations contained in Paragraph 48 of the Complaint.

---

[2] Plaintiff has admitted that this claim is not asserted with respect to the Excess Plan.

**FOURTH CLAIM FOR RELIEF**
**Breach of Fiduciary Duty, ERISA §§ 404(a)(1), 405(a), 502(a)(3)**
**29 U.S.C. §§ 1104(a)(1), 1105(a), 1132(a)(3)**
**(Against Defendant Administrative Committee)[3]**

41.     Defendants incorporate by reference each and every response to the allegations in the Complaint contained in the preceding paragraphs of the Answer, with the same force and effect as if fully set forth herein.

42.     Defendants decline to plead to the extent the allegations in Paragraph 50 of the Complaint are legal conclusions to which no response is required, and otherwise deny all of the allegations contained in Paragraph 50 of the Complaint.

43.     Defendants decline to plead to the extent the allegations in Paragraph 51 of the Complaint are legal conclusions to which no response is required, and otherwise deny all of the allegations contained in Paragraph 51 of the Complaint.

44.     Defendants decline to plead to the extent the allegations in Paragraph 52 of the Complaint are legal conclusions to which no response is required, and otherwise deny all of the allegations contained in Paragraph 52 of the Complaint.

45.     Defendants decline to plead to the extent the allegations in Paragraph 53 of the Complaint are legal conclusions to which no response is required, admit that Defendant the Administrative Committee is named as a fiduciary of the Pension Plan with respect to certain functions, and otherwise deny all of the remaining allegations contained in Paragraph 53 of the Complaint.

46.     Defendants deny the allegations contained in Paragraph 54 of the Complaint.

47.     Defendants deny the allegations contained in Paragraph 55 of the Complaint.

**FIFTH CLAIM FOR RELIEF**
*In the alternative to the Third Claim for Relief*: **Professional Negligence**
**(Against Defendant Fidelity)**

48.     Defendants incorporate by reference each and every response to the allegations in the Complaint contained in the preceding paragraphs of the Answer, with the same force and effect as if fully set forth herein.

---

[3] Plaintiff has admitted that this claim is not asserted with respect to the Excess Plan.

49.     The Court dismissed the Fifth Claim for Relief so no response is required; however, to the extent a response is required, decline to plead to the extent the allegations in Paragraphs 57-66 of the Complaint are legal conclusions to which no response is required, and otherwise deny all of the allegations contained in Paragraphs 57-66 of the Complaint.

### PRAYER FOR RELIEF

50.     Defendants deny that any relief sought by Plaintiff is warranted or appropriate, sustainable in fact, or available at law.

### JURY DEMAND

51.     Plaintiff is not entitled to a jury trial with respect to her remaining claims.

### DEFENSES AND AFFIRMATIVE DEFENSES

Defendants incorporate by reference each and every response to the allegations in the Complaint contained in the preceding paragraphs of the Answer, with the same force and effect as if fully set forth herein and, as separate affirmative defenses to the Complaint, and without conceding that Defendants bear the burden of proof or persuasion as to any of them, assert the following:

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

If damaged, which Defendants expressly deny, Plaintiff has failed to make reasonable efforts to mitigate her damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to exhaust the administrative and claims review procedure under the applicable ERISA plans and pursuant to ERISA and the regulations promulgated thereunder.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, waiver, and release, and accord and satisfaction because payment of all amounts due has been made and/or will be made in accordance with the terms of applicable employee benefit plans and because

Plaintiff signed a release of claims that bars the claims asserted against Defendants.  Further, California Civ. Code §1691 requires that Plaintiff tender back amounts paid pursuant to her severance agreement as a precondition to litigation.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, must be reduced and/or offset by amounts paid to Plaintiff pursuant to her severance agreement and/or as required under the Severance Pay Policy.

### SIXTH AFFIRMATIVE DEFENSE

To the extent any damages were sustained by Plaintiff, which is expressly denied, Defendants allege that such damages were wholly or in part caused by Plaintiff's  own negligence, comparative fault, actions, inactions, or delay in acting.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to the relief she seeks is unavailable under ERISA.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this action insofar as she fails to state a viable claim under ERISA and fails to seek relief available under ERISA.

### NINTH AFFIRMATIVE DEFENSE

Any alleged injury and damages suffered by plaintiff was not caused by, or a result of, any fault, act, or omission by Defendants, but was caused by circumstances, persons, or entities, including plaintiff, for which Defendants are not responsible, and for which Defendant cannot be held liable.

### TENTH AFFIRMATIVE DEFENSE

The alleged acts, errors and/or omissions of Defendants at issue in the Complaint were not made by a fiduciary and/or in a fiduciary capacity.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for losses and legal relief are barred, in whole or in part, because the alleged losses and damages, if any, are speculative and because of the impossibility of the

ascertainment and allocation of the alleged losses and damages, and any damages would constitute an impermissible windfall.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for legal remedy are limited to only those equitable remedies authorized by ERISA, and she may not recover damages in excess of those authorized by the statute.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to relief because she cannot demonstrate the requisite reliance, causation or harm required by applicable law.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

Defendants reserve and assert all affirmative defenses available under applicable law. Defendants presently have insufficient knowledge or information upon which to form a belief as to whether it may have other, as yet unstated, defenses available.  Therefore, Defendants reserve their right to supplement their Answer and to assert additional defenses in the event that discovery indicates they would be appropriate.

WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice, together with attorneys' fees, costs and disbursements in this action, and such other and further relief as this Court deems just and proper.

DATED: November 17, 2011          Respectfully submitted,

PROSKAUER ROSE LLP
CALDWELL LESLIE & PROCTOR, PC

By   _/s/ Christopher G Caldwell_
     CHRISTOPHER G. CALDWELL
Attorneys for Defendants
TIME INC., ADMINISTRATIVE COMMITTEE OF
THE TIME WARNER PENSION PLAN, and
FIDELITY WORKPLACE SERVICES LLC
(erroneously sued as FMR LLC)